IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL FELIX FINLEY,<br><br>Plaintiff,<br><br>vs.<br><br>ANDY IVANOFF, ALEX BEAL, MISSOULA COUNTY, and RYAN LANE,<br><br>Defendants. | CV 25–31–M–DWM–KLD<br><br><br>ORDER |

On April 30, 2025, United States Magistrate Judge Kathleen DeSoto entered Findings and Recommendations with respect to Plaintiff Daniel Felix Finely's civil rights complaint stemming from his July 17, 2023 arrest. (*See* Docs. 2, 5.) Having screened Finley's complaint under 28 U.S.C. § 1915(e)(2), Judge DeSoto found that Finley fails to state a claim for relief because he fails to adequately allege municipal liability on the part of Missoula County, Judge Alex Beal is protected by judicial immunity, Finley fails to identify any specific conduct by Deputy Ryan Lane, and there are no facts upon which to conclude that Highway Patrol Officer Andy Ivanoff was acting outside his jurisdiction in stopping Finely's vehicle on the Confederated Salish-Kootenai Tribe ("CSKT") Reservation. (*See generally* Doc.

1

5.) Judge DeSoto further found that because the above deficiencies could not be cured by additional factual allegations, amendment would be futile. (*Id.* at 14.)

A party filing objections to the findings and recommendations of a magistrate is entitled to do novo review of the "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). An objecting party must therefore identify the parts of the magistrate's disposition that the party finds objectionable and present argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result. It is not sufficient for the objecting party to merely state that he objects. *See Hagberg v. Astrue,* 2009 WL 3386595 at *1 (D. Mont 2009) ("There is no benefit if the district court[ ] is required to review the entire matter de novo because the objecting party merely [states that he objects].").

Here, Finley objects on the ground that "the Tribes have no authority to give [his] consent away," and he requests that his Missoula conviction be vacated and dismissed. (Doc. 6.) Neither objection cures the deficiencies identified by Judge DeSoto. Finley was subject to the jurisdiction of state and local law enforcement both on the CSKT Reservation, *Lozeau v. Ancioux*, 449 P.3d 830, 832 (Mont. 2019); *see* 25 U.S.C. § 1321; Mont. Code Ann. §§ 2–1–301 to –307, and off it, *Nevada v. Hicks*, 533 U.S. 353, 362 (2001); *Hagen v. Utah*, 510 U.S. 399, 421–22

2

(1994); *Little Light v. Crist*, 649 F.2d 682, 685 (9th Cir. 1981).  Finley cannot use a civil rights action under 42 U.S.C. § 1983 to challenge CSKT's authority to cede its sovereignty to the state.  Nor can Finley use a § 1983 action to "challeng[e] his underlying conviction and sentence." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  His objections lack merit.  Finding no clear error in Judge DeSoto's remaining Findings, *see Thomas v. Arn*, 474 U.S. 140, 154 (1958); *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000), IT IS ORDERED that:

   (1)  The Findings and Recommendation, (Doc. 5), is ADOPTED IN FULL.

   (2)  Finley's Complaint is DISMISSED WITH PREJUDICE.

   (3)  It is CERTIFIED, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

   (4)  The Clerk is directed to enter, by separate document, a judgment of dismissal.

   DATED this 12th day of June, 2025.

                                          _____
                                          Donald W. Molloy, District Judge
                                          United States District Court